**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| LARONDA PHOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-00846-SRB |
| | ) | |
| 21C MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Plaintiff LaRonda Phox's *pro se* Motion to Disqualify Opposing
Counsel. (Doc. #11.) As set forth below, the motion is DENIED.

The following is a summary of the allegations in Plaintiff's Complaint. (Doc. #1-1, pp.
19-26.)[1] Plaintiff was employed at The Savoy at 21C from July 9, 2018 until October 12, 2018.
Plaintiff was initially hired as a server but Defendant then changed her position to an
"IRD/Runner." This meant that Plaintiff would take orders and deliver meals to hotel rooms.
Plaintiff alleges in part that she was not properly compensated for her work, including wages and
tips. Plaintiff also alleges she was not given gift certificates that were provided to other
employees.

Plaintiff also alleges in part that "[a]t the 21C Museum Hotel, a group of musicians . . .
were allowed to smoke marijuana continuously, 24/7 daily in the rooms for approx.. [1]-week,"
which violated "the Hotel/Restaurants own smoking policies." (Doc. #1-1, p. 22.) Plaintiff
claims her "health was put at risk as this had caused her to start back to smoking cigarettes[.]"
(Doc. #1-1, p. 22.) Plaintiff's Complaint asserts the following claims: Count 1—Breach of

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

Fiduciary Duty; Count 2—Unfair Disparate Treatment; Count 3—Intentional Infliction of Emotional Distress; and Count 4—Negligence.

Plaintiff now moves to disqualify counsel for Defendant. Plaintiff contends she has a different pending case or administrative proceeding against Defendant, "which is a Whistleblower Protection Act claim for violations of Food/Safety that resulted in retaliation and wrongful termination." (Doc. #11, p. 1.) Plaintiff claims that Defendant has the same counsel in this case and in the other proceeding, and that "[i]f opposing counsel is permitted to participate, there will be an appearance of impropriety because the opposing counsel has knowledge of fact issues in the case other than attorney fees, the court should disqualify them from further representation of the Defendants. The Plaintiff is opposing for conflict of interest." (Doc. #11, p. 2.) Defendant opposes the relief requested.

A motion to disqualify opposing counsel is subject to "particularly strict judicial scrutiny." *Midwest Motor Sports v. Arctic Sales, Inc.*, 347 F.3d 693, 700-01 (8th Cir. 2003). The Court has discretion in deciding whether to disqualify opposing counsel, and the decision will not be reversed absent an abuse of that discretion. *Id.*

This Court has adopted the Missouri Rules of Professional Conduct. L.R. 83.6(c)(1). In relevant part, the Missouri Rules of Professional Conduct provide that a conflict of interest arises when: (1) "the representation of one client will be directly adverse to another client;" or (2) "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer." Mo. Sup. Ct. R. 4-1.7(a)(1)-(2). In addition, Rule 4-1.9 provides in part that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that

2

person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Mo. Sup. Ct. R. 4-1.9(a).

Upon review, the Court finds no basis to disqualify counsel for Defendant. Plaintiff appears to believe that a conflict of interest exists because Defendant is being represented by the same counsel in this case and in a separate proceeding. However, this is a common situation and does not create a conflict of interest under the Missouri Rules of Professional Conduct. In addition, the record does not show that Defendant's counsel is representing any adversary of Defendant. Finally, there is no indication that Defendant's counsel has or is representing Plaintiff in any matter. The record does not show that Plaintiff provided any privileged information to Defendant's counsel, and Plaintiff has not shown that disqualification is warranted.

Accordingly, it is hereby ORDERED that Plaintiff's Motion to Disqualify Opposing Counsel (Doc. #11) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2020

3