IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| LARONDA PHOX, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 20-cv-00846-SRB |
| 21C MANAGEMENT, LLC, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff LaRonda Phox's ("Plaintiff") *pro se* Motion for Leave to Amend First Complaint to Add Additional Parties. (Doc. #26.) As set forth below, the motion is GRANTED IN PART and DENIED IN PART.

### I. FACTUAL BACKGROUND

Plaintiff's Complaint asserts claims against Defendant 21C Management, LLC ("21c Management").[1] The following is a summary of Plaintiff's allegations. (Doc. #1-1, pp. 19-26.)[2] Plaintiff was employed at The Savoy at 21C from July 9, 2018 until October 12, 2018. Plaintiff was initially hired as a server, but 21c Management then changed her position to an "IRD/Runner." This position required Plaintiff to take orders and deliver meals to hotel rooms. Plaintiff alleges in part that she was not properly compensated for her work, including wages and tips. Plaintiff additionally claims there was disparate treatment and provides two examples

---

[1] Plaintiff's Complaint appears to name "21C Museum Hotel of Kansas City, MO" and "The Savoy at 21C" as Defendants. In its Answer, 21c Management states that "neither is a legally recognized entity. The entity that employed Plaintiff and, therefore, the only proper defendant in this case, is 21c Management LLC, a Kentucky limited liability company." (Doc. #6, p. 1 n.1.) Absent contrary information, the Court assumes that 21c Management is the only Defendant currently named in this lawsuit.

[2] All page numbers refer to the pagination automatically generated by CM/ECF.

where another employee was given a gift certificate and Plaintiff was not offered the same gift certificate.

Plaintiff also alleges that "[a]t the 21C Museum Hotel, a group of musicians . . . were allowed to smoke marijuana continuously, 24/7 daily in the rooms for approx. [1]-week," which violated "the Hotel/Restaurants own smoking policies."  (Doc. #1-1, p. 22.)  Plaintiff claims her "health was put at risk as this had caused her to start back to smoking cigarettes[.]"  (Doc. #1-1, p. 22.)  Plaintiff's Complaint asserts the following claims: Count 1—Breach of Fiduciary Duty; Count 2—Unfair Disparate Treatment; Count 3—Intentional Infliction of Emotional Distress; and Count 4—Negligence.

Plaintiff now moves for leave to file an amended complaint and to join the following defendants:  Danny Zook and Jerel Nance d/b/a Quality Control Music, LLC, and David Bolno d/b/a NKSFB, LLC.  Plaintiff states she learned through discovery that "the members of the Zook Nance Group, were guests at the hotel . . . were significantly involved when they negligently, willfully and intentionally, violated the hotel[']s no-smoking policy, that injured the Plaintiff."  (Doc. #26, pp. 1-3.)  Plaintiff further claims that "along with the original Defendants . . . the new Defendants engaged in practices that violate the Clean Air Act, 42 U.S.C. § 7401 et seq. (1970)."  (Doc. #26, p. 3.)  Plaintiff's proposed amended complaint asserts the following claims:  Count 1—Negligence as to 21C Management, LLC; and Count 2—Negligence against all Defendants.  21c Management opposes the joinder of the additional Defendants.  The parties' arguments are addressed below.

## II. LEGAL STANDARD

The pending motion is governed by Federal Rule of Civil Procedure 15(a).[3] Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citations, quotations, and alterations omitted). "An amendment is futile if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6)." *Id.* (citation and quotation marks omitted).

Under Rule 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Additionally, "[a]bsent some indication as to what might be added to the complaint to make it viable, the [movant] is not entitled to leave to amend." *Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir. 1983).

---

[3] The Court's Scheduling Order imposed a deadline of March 1, 2021, to file a motion to amend the pleadings and join additional parties. (Doc. #17, p. 1.) Plaintiff filed her first motion to amend on March 1, 2021, which was denied without prejudice for failure to comply with Local Rule 15.1. Plaintiff then promptly filed the pending motion on March 9, 2021. 21c Management does not argue that the pending motion is untimely. Based on the lack of opposition, and in light of Plaintiff's *pro se* status, the Court finds that Plaintiff's pending motion relates back to her initial motion to amend and is therefore timely.

3

### III. DISCUSSION

As an initial matter, the pending motion is partially unopposed. 21c Management states that "[t]o the extent Plaintiff seeks to amend her complaint to streamline her causes of action against 21c Management, 21c Management does not object to the amendment." (Doc. #27, p. 2.) As a result, and upon review, Plaintiff will be granted leave to file her amended complaint with respect to her allegations and claims against 21c Management.

Plaintiff also seeks leave to join Defendants "Danny Zook and Jerel Nance d/b/a Quality Control Music, LLC, and David Bolno d/b/a NKSFB, LLC." (Doc. #26, p. 1.) 21c Management opposes this request. 21c Management argues that "Plaintiff's motion and accompanying suggestions do not establish a sufficient factual basis against these additional defendants to make these claims viable, nor is it clear whether the court has personal jurisdiction over these additional defendants." (Doc. #27, p. 2.) As explained below, the Court agrees with 21c Management.

Under Missouri law, "[f]or a plaintiff to prevail on a negligence claim, he or she must establish that (1) the defendant owed a duty to him or her; (2) the defendant breached that duty; (3) causation; and (4) 'injury' or 'actual damages.'" *Payne v. Fiesta Corp.*, 543 S.W.3d 109, 118 (Mo. App. E.D. 2018) (quoting *Peters v. Wady Indus., Inc.*, 489 S.W.3d 784, 793 (Mo. 2016)). Plaintiff's amended complaint asserts one negligence claim against the proposed additional Defendants and alleges in part that:

> [a]t the 21C Museum Hotel, a group of musicians, the "Migo's and Drake" and/or the crew workers, were guests, on/or about 7/29/18 to 8/12/18, was allowed to smoke tobacco/marijuana continuously, 24/7 daily in the rooms, where the smoke was smelled throughout the entire hotel, restaurant and kitchen during this whole time, while in violations of the Hotel/Restaurants own smoking policies.

4

(Doc. #26-2, p. 4.) Plaintiff claims that her "health was put at risk as this then, had caused her to start back to smoking cigarettes and have suffered as a result." (Doc. #26-2, p. 4.) Upon review, the Court denies leave to add additional Defendants because Plaintiff's proposed claims would not survive a motion to dismiss. *Hillesheim*, 897 F.3d at 955.

First, Plaintiff does not specifically allege that individual defendants Danny Zook, Jerel Nance, or David Bolno personally smoked tobacco or marijuana. Consequently, Plaintiff fails to adequately "plead[] factual content that allows the court to draw the reasonable inference that the[se] defendant[s] [are] liable for the misconduct alleged." *Ash*, 799 F.3d at 960. Second, the proposed complaint could be construed as attempting to impose vicarious liability[4] on Quality Control Music, LLC, and/or NKSFB, LLC for the acts or omissions of "musicians," "crew workers," and/or "guests." (Doc. #26-2, pp. 2, 4.) However, Plaintiff fails to allege that any individuals were acting within the course and scope of their employment at the time of the alleged misconduct, or any other factual basis that would support vicarious liability. Finally, Plaintiff has not provided, nor has the Court found, any case law that would support a negligence claim against the proposed Defendants under the circumstances alleged. Moreover, there is no "indication as to what might be added to the complaint to make it viable." *Wolgin*, 722 F.2d at 395.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion for Leave to Amend First Complaint to Add Additional Parties (Doc. #26) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as Plaintiff may file the Amended Complaint (Doc. #26-2) within fourteen (14) days from the date of this Order with respect to her amended negligence claims against 21c

---

[4] The proposed complaint also refers to "comparative responsibility" and "equal[] liab[ility]." (Doc. #26-2, pp. 5, 6.)

Management.  However, before filing the Amended Complaint, Plaintiff must remove "Danny Zook and Jerel Nance d/b/a Quality Control Music, LLC, and David Bolno d/b/a NKSFB, LLC" as named Defendants.  The motion is DENIED to the extent Plaintiff requests to join Danny Zook and Jerel Nance d/b/a Quality Control Music, LLC, and David Bolno d/b/a NKSFB, LLC as Defendants.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: April 9, 2021

6

Case 4:20-cv-00846-SRB   Document 29   Filed 04/09/21   Page 6 of 6