IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LARONDA PHOX, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 20-cv-00846-SRB |
| 21C MANAGEMENT LLC, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant 21c Management LLC's ("Defendant") Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint. (Doc. #34.) As set forth below, the motion is GRANTED IN PART and DENIED IN PART.

### I. FACTUAL BACKGROUND

Plaintiff LaRonda Phox's ("Plaintiff") *pro se* Amended Complaint (Doc. #30) contains the following allegations. Plaintiff was employed by Defendant from July 9, 2018, until October 12, 2018. Defendant initially hired Plaintiff to be a server at a restaurant inside of a hotel. Plaintiff's position was subsequently changed to an "IRD/Runner." (Doc. #30, ¶ 11.) As an IRD/Runner, Plaintiff took orders and delivered meals to guests at their hotel room.

In Count I, Plaintiff asserts a breach of contract claim. In support of this claim, Plaintiff alleges that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay her minimum wage and by failing to compensate her for all work performed. Plaintiff also alleges that Defendant failed to pay her tips, and failed to provide her gift certificates and other "perks" to which she was entitled. (Doc. #30, ¶¶ 12-26.)

In Count II, Plaintiff asserts a claim for breach of fiduciary duty. In support of this claim, Plaintiff alleges in part that Defendant "had a duty to properly inform the Plaintiff about the proper procedures and the reporting of her wages and tips[.]" (Doc. #30, ¶ 30.) Plaintiff alleges that Defendant breached this duty by failing to properly pay and compensate her, and by not giving Plaintiff "the same perks as others[.]" (Doc. #30, ¶ 31.)[1]

Defendant now moves to dismiss Counts I and II for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendant argues that the breach of contract claim must be dismissed because Plaintiff has not alleged the existence of a contract. Defendant argues that the breach of fiduciary duty claim must be dismissed because Plaintiff has not pled any facts which would support the existence of a fiduciary relationship. Plaintiff opposes the motion, and the parties' arguments are addressed below.

## II. LEGAL STANDARD

Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

---

[1] Count III asserts a negligence claim. Defendant does not move to dismiss Count III, and it will not be further discussed herein.

## III. DISCUSSION

### A. Breach of Contract (Count I)

To state a breach of contract claim, a plaintiff must adequately allege: "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 850 (8th Cir. 2014) (applying Missouri law).[2]

Defendant argues this claim should be dismissed because Plaintiff does not "allege the existence of any contract between her and Defendant, the terms of any such contract, or that Defendant failed to perform obligations imposed by a contract." (Doc. #35, p. 6.) In response, Plaintiff argues that a contract existed by virtue of the employer-employee relationship, and that Defendant breached the contract by failing to pay her for work performed.[3] Defendant's reply brief contends for the first time that Plaintiff was an "at-will" employee, and therefore cannot state a claim for breach of contract. As explained below, the Court rejects Defendant's arguments.

Plaintiff's breach of contract claim alleges that Defendant failed to properly compensate her for work performed. Even if Plaintiff was an at-will employee, a "legally enforceable promise created out of at-will employment is the employer's promise, whether express or implied, to pay the employee for the work performed by the employee." *Morrow v. Hallmark Cards, Inc.*, 273 S.W.3d 15, 26 (Mo. App. W.D. 2008); *see also Skinner v. Maritz, Inc.*, 253 F.3d

---

[2] The parties appear to agree, and the Court finds, that Missouri law is applicable for purposes of resolving the pending motion.

[3] Plaintiff also argues that a contractual relationship existed by virtue of an employee handbook distributed by Defendant. This argument is not supported by case law and is rejected. *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832, 835 (8th Cir. 1997) ("Under Missouri law, employee handbooks generally are not considered contracts, because they normally lack the traditional prerequisites of a contract.").

3

337, 341-42 (8th Cir. 2001) (rejecting the notion "that at-will employees are bereft of any and all contractual rights, *e.g.*, the right to treat the employer's failure to pay for work done by the employee prior to termination of the employment relationship as a breach of contract") (applying Missouri law).

In accordance with this case law, the Amended Complaint adequately states a breach of contract claim.[4] Plaintiff alleges that she agreed to work for Defendant, that Plaintiff performed the work, and that Defendant failed to compensate her for work performed. These allegations are sufficient to withstand a motion to dismiss. *See Ley v. St. Louis Cnty.*, 809 S.W.2d 734, 736 (Mo. App. E.D. 1991) ("The thrust of the County's position is that in the absence of a formal written contract employees have no enforceable rights to compensation or benefits promised by the employer. That position is obviously meritless.")

Defendant's reply brief argues that an at-will employee cannot bring a breach of contract claim arising from her termination. *See Reed v. Curators of Univ. of Missouri*, 509 S.W.3d 816, 822 (Mo. App. W.D. 2016) ("Without a statement of duration, an employment at will is created which is terminable at any time by either party with no liability for breach of contract."). However, Plaintiff asserts a claim for failure to compensate, not for wrongful termination. For these reasons, Defendant's motion to dismiss Count I for breach of contract is denied.

### B. Breach of Fiduciary Duty (Count II)

To state a claim for breach of fiduciary duty, a plaintiff must adequately plead: "(1) the existence of a fiduciary duty, (2) a breach of that duty, (3) causation, and (4) damage." *Brown v. Adtalem Global Educ., Inc.*, 421 F. Supp. 3d 825, 836 (W.D. Mo. 2019) (applying Missouri law). A fiduciary relationship exists when "a special confidence is reposed on one side and there is

---

[4] As stated above, Plaintiff also alleges that Defendant violated the FLSA. Defendant does not specifically address this allegation.

4

Case 4:20-cv-00846-SRB   Document 43   Filed 06/08/21   Page 4 of 6

resulting domination and influence on the other." *Chmieleski v. City Prods. Corp.*, 660 S.W.2d 275, 293-94 (Mo. App. W.D. 1983). "Missouri applies a five-factor test to determine whether there is a fiduciary relationship." *Brown*, 421 F. Supp. 3d at 836. This five-factor test contains the following elements:

> (1) as between the parties, one must be subservient to the dominant mind and will of the other as a result of age, state of health, illiteracy, mental disability, or ignorance; (2) things of value such as land, monies, a business, or other things of value which are the property of the subservient person must be possessed or managed by the dominant party; (3) there must be a surrender of independence by the subservient party to the dominant party; (4) there must be an automatic or habitual manipulation of the actions of the subservient party by the dominant party; and (5) there must be a showing that the subservient party places a trust and confidence in the dominant party.

*Chmieleski*, 660 S.W.2d at 294.

Defendant argues that Count II should be dismissed because the "Amended Complaint is devoid of sufficient facts to satisfy Missouri's five-factor test to establish a fiduciary relationship existed." (Doc. #35, p. 4.) In response, Plaintiff summarily argues that "Defendants breached a duty when they failed to furnish the info. regarding her tips and to produce a copy of her employment and personnel files, when requested." (Doc. #39, p. 4.) Upon review of the Amended Complaint and the parties' arguments, the Court finds that Plaintiff has failed to adequately plead the existence of a fiduciary relationship.

Plaintiff's Amended Complaint alleges the existence of an employer-employee relationship with Defendant, but does not allege any other facts that plausibly show the existence of a fiduciary relationship. "The mere existence of a contractual or business relationship does not create a fiduciary relationship or the presumption of such a relationship." *Brown*, 421 F. Supp. 3d at 836 (applying Missouri law); *Elkhart Metal Fabricating, Inc. v. Martin*, No. 14–CV–00705, 2015 WL 1604852, at * 6 (E.D. Mo. Apr. 9, 2015) (recognizing that an employer-

5

employee relationship is not enough to show a fiduciary relationship) (applying Missouri law). Consequently, Count II for breach of fiduciary duty fails to state a claim and is dismissed.

### C. Leave to Amend

Finally, Plaintiff summarily requests leave "to amend the complaint to cure any deficiencies." (Doc. #39, p. 5.) This request is denied for three reasons. First, the deadline to file a motion to amend the pleadings expired on March 1, 2021. (Doc. #17, p. 1.) Second, and even if the motion to amend were timely, Plaintiff fails to explain the contents of any proposed amendments. Third, Plaintiff was previously granted leave to file an amended complaint. The Court finds that any further attempt to amend would be futile. *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (recognizing that leave to amend may be denied based upon "futility of the amendment").

## IV. CONCLUSION

Accordingly, Defendant 21c Management LLC's Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint (Doc. #34) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as Count II is dismissed for failure to state a claim for breach of fiduciary duty. The motion is DENIED insofar as Count I adequately states a claim for breach of contract.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: June 8, 2021